UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SOL ROSEN and FLORENCE ROSEN,

        Plaintiffs,

  - against -

NORTH SHORE TOWERS APARTMENTS,
INC.,

        Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-00752 (RRM) (LB)

**MAUSKOPF, United States District Judge.**

## I. Background

On February 15, 2011, Plaintiffs filed this action against Defendant North Shore Towers, Inc., principally challenging a Notice of Eviction issued by the Housing Court of the City of New York ordering the City Marshal to evict Plaintiffs from their apartment at North Shore Towers, a housing development located in the Eastern District of New York. On February 16, 2011, Plaintiffs filed an Amended Complaint further amplifying what appeared to be a long-running dispute between Plaintiffs and Defendant that ultimately ended in Plaintiffs eviction through various housing and state court proceedings. In the Amended Complaint, Plaintiffs allude to various constitutional rights including freedom of speech and the right of assemblage and peaceful petition, but seek in their prayer for relief access to their apartment and the restoration of electrical services.

On February 17, 2011, after both parties were heard on the matter, this Court denied Plaintiffs' motion for a preliminary injunction which sought to reinstate Plaintiffs as the tenants of their apartment. (Minute Entry (Doc. No. 5)). At that time, in addressing Plaintiffs' likelihood of success on the merits of their claim for purposes of the preliminary injunction

standard, the Court noted that there were substantial issues regarding the jurisdiction of this Court over the claims alleged in Plaintiffs' Amended Complaint, and further cautioned that this Court may lack subject matter jurisdiction over what appears to be nothing more than an appeal to this Court of Plaintiffs' state court litigation. *See, e.g., Skinner v. Switzer*, ___ U.S. ___, 2011 U.S. LEXIS 1905 (Decided March 7, 2011) (*Rooker-Feldman* doctrine applies to cases brought by state-court losers inviting district court review and rejection of state court judgments) (citations omitted). Counsel for Defendants indicated that they would immediately seek leave to file a motion to dismiss this action for lack of subject matter jurisdiction in conformity with this Court's Individual Motion Practices and Rules. In fact, by letter filed March 4, 2011, Defendants have requested a pre-motion conference in advance of filing such motion, and have also requested an extension of time to Answer.

By letter dated and filed February 23, 2011 [Doc. No. 10], Plaintiffs moved for reconsideration of this Court's Order denying the preliminary injunction. In the same letter, Plaintiffs move to join as defendants: Errol Brett, Three Towers Associates, James Short, Morton Gitten, Esq., Robert Serikstad, and Glen Kotowski. (*Id.* at 2–6, 16–20, 27–28.)[1]

By separate letter dated and filed on February 25, 2011 [Doc. No. 11], Plaintiffs filed a "Motion for Summary Judgment." Attached thereto are numerous exhibits, many of which were provided to the Court at the preliminary injunction hearing, that document the procedural history in the housing and state courts relating to Plaintiffs' eviction. Read broadly, Plaintiffs' ostensible bases for seeking summary judgment rests on their claims that the housing and state courts wrongly decided against Plaintiffs. On March 1, 2011, Plaintiffs filed "Supplemental Evidence in Support of Plaintiffs' Motion for Summary Judgment." [Doc. No. 14]

---

[1] The pages of the letter are not numbered. The Court uses the page numbers automatically assigned by ECF in referring to the letter.

For the reasons below, Plaintiffs' motions for reconsideration, joinder and summary judgment are denied. With respect to Defendant's request for a pre-motion conference, the Court finds that such conference is not required in this matter in light of the Court's familiarity with the issues. As discussed further below, Defendant may file its Motion to Dismiss, and Plaintiffs shall have an opportunity to respond.

## II. Reconsideration

Before an appeal is filed, a district court has the inherent power to reconsider or otherwise affect its prior interlocutory orders. *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962); *see John Simmons Co. v. Grier Bros.*, 258 U.S. 82, 88 (1922). Litigants must not, however, "merely try[] to relitigate on a fuller record preliminary injunction issues already decided." *Am. Optical Co. v. Rayex Corp.*, 394 F.2d 155, 156 (2d Cir. 1968). "The standard for granting . . . a motion [to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The motion will be denied if the movant "failed to exercise due diligence in not presenting [the new material] earlier." *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1207 (2d Cir. 1970).

Here, Plaintiffs have failed to submit overlooked "controlling decisions or data" necessary to grant a motion to reconsider. Plaintiffs allege that an entry of summary judgment against them in a state court civil action deprived them of their right to "[a] trial by jury . . . guaranteed by the Bill of Rights (Sixth Amendment[])." (Notice to the Court, 1–2, 3.) The Sixth Amendment does not apply to civil actions, however. *See Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 386 n.15 (1979). Moreover, the right to a jury under the Seventh Amendment is not incorporated in the Due Process Clause of the Fourteenth Amendment and,

3

therefore, does not apply to state court proceedings. *See McDonald v. City of Chicago*, 130 S. Ct. 3020, 3035 (2010). Plaintiffs have not indicated any controlling law overlooked by this Court in denying their motion for a preliminary injunction.

Plaintiffs' other factual and legal arguments for revisiting this Court's Order are, for the most part, the same as those made in their initial Complaint (Doc. No. 1), Affidavit in Support of an Order to Show Cause (Doc No. 2), or at oral argument on February 17, 2011 (*see* Doc. No. 5). They were not overlooked then, and the Court will not revisit them now. Plaintiffs also elaborate on an alleged fraud involving the defendants to be joined, Defendant's Board of Directors, an accounting firm, and various other parties. (Notice to the Court 2–6, 16–20, 27–28.) This material, however, is recycled from the state court proceedings, which means that Plaintiffs, employing due diligence, could have presented it with their motion for a preliminary injunction. Plaintiffs' motion is merely an attempt to relitigate the same issues already decided. For these reasons, the Court will not reconsider its denial of the motion for a preliminary injunction.

### III. Plaintiffs' Motions for Joinder and Summary Judgment

In light of the significant questions regarding the Court's subject matter jurisdiction over this action, the Court denies Plaintiffs' requests for joinder and summary judgment.

Joinder of defendants is permissible if the plaintiff asserts claims against them that "aris[e] out of the same transaction or occurrence, or series of transactions or occurrences," and raise "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)–(B). Plaintiffs indicate in their February 23 submission that each individual to be joined is responsible for a scheme defrauding Defendant of $35 million to the detriment of the shareholders. Doc. No. 10, at 2–6, 16–20, 27–28.) Joinder is denied for several reasons.

First, the actions of these individuals are not sufficiently related to the claims pled in the Amended Complaint to warrant joinder.  Second, Plaintiffs do not support their allegations with any facts to plausibly support the notion that these individuals engaged in such a fraud.[2]  Finally, joinder is not proper until amendment, s*ee* 7 Charles Alan Wright et. al., Federal Practice and Procedure § 1655 & n.2 (3d ed. 2010), and Plaintiffs have not demonstrated why an amendment would not be futile in this case, particularly in light of the significant issues regarding the Court's subject matter jurisdiction.

Similarly, Plaintiffs' request for summary judgment is denied as premature.  No discovery has been exchanged, and Defendant seeks to dismiss for lack of subject matter jurisdiction.  Moreover, Plaintiffs have failed to comply with this Court's Individual Motion Practices and Rules in filing this motion, which are sufficient grounds in and of themselves to deny the motion.

**IV.    Defendant's Motion to Dismiss and Time to Answer**

Defendant's request for leave to file a Motion to Dismiss is granted without the need for a pre-motion conference with the Court.  Defendant shall serve its motion on Plaintiffs by March 23, 2011.  Plaintiffs' shall serve their opposition on Defendant North Shore Towers by April 6, 2011.  Any reply shall be served on Plaintiffs by April 13, 2011, and Defendant North Shore Towers shall electronically file the fully-briefed motion by April 14, 2011, pursuant to this Court's Individual Motion Practices and Rules.  Defendant's Time to Answer is hereby extended until twenty (20) days after this Court's decision on the Motion to Dismiss.

Defendants are reminded that they are to comply with Local Civil Rules 12.1 and 56.2 regarding dispositive motions filed against *pro se* litigants, copies of which are attached to this

---

[2] Indeed, in their Motion for Summary Judgment [Doc. No. 11], Plaintiffs seek money damages "to retain counsel and forensic accountants to locate the embezzled funds and identify the wrongdoers."

Order.  Plaintiffs are further reminded that, as they have before in the course of this litigation, they may contact the Court's Pro Se Office, and should consult this Court's Pro Se Manual for guidance in addressing Defendant's motion.

## CONCLUSION

For the reasons stated above, Plaintiffs' motions for reconsideration, joinder, and summary judgment [Doc. Nos. 10 and 11] are DENIED.  Defendant's Motion for Pre-Motion Conference [Doc. No. 15] is DENIED AS MOOT.  Defendant's Motion to Dismiss may proceed according to the briefing schedule contained in the attached Order.  Defendant's time to Answer is hereby extended until twenty (20) days after the Court's decision on the Motion to Dismiss.

Defendant is ORDERED to mail a copy of this Order to Plaintiffs by overnight mail, and immediately to file proof of such service with the Court.

SO ORDERED.


Dated: Brooklyn, New York
   March  7, 2011            /S/
                    _____
                    ROSLYNN R. MAUSKOPF
                    United States District Judge

**Local Civil Rule 12.1 - Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings**

A represented party moving to dismiss or for judgment on the pleadings against a party proceeding pro se, who refers in support of the motion to matters outside the pleadings as described in Federal Rule of Civil Procedure 12(b) or 12 ( c), shall serve and file the following notice at the time the motion is served. If the court rules that a motion to dismiss or for judgment on the pleadings will be treated as one for summary judgment pursuant to Federal Rule of Civil Procedure 12(b) or 12 (c), and the movant has not previously served and filed the notice required by this rule, the notice must be served and filed within fourteen (14) days of the court's ruling.

**Notice To Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings**

The defendant in this case has moved to dismiss for judgment on the pleadings pursuant to Rule 12(b) or 12( c)of the Federal Rules of Civil Procedure and has submitted additional written materials. This means that the defendant has asked the court to decide this case without a trial, base don these written materials. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THECLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIALIF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits and other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 of the Federal Rules of Civil Procedure is attached.

In short, Rule 56 provides that you may NOT oppose the defendant's motion simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavit of others. You may submit affidavits that were prepared specifically in response to defendant's motion.

If you do not respond to the motion on time with affidavits or documentary evidence contradicting the facts asserted by the defendant, the court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial. If you have any questions, you may direct them to the Pro Se Office.

[Amended: May 18, 2007]

**Local Civil Rule 56.2. Notice to Pro Se Litigant Who Opposes a Summary Judgment**

Any represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, a "Notice To Pro Se Litigant Opposing Motion For Summary Judgment" in the form indicated below. Where the pro se party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

**Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment**

The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendant has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSEDWITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits and other papers as required by Rule 56(e) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising material issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the material facts asserted by the defendant, the court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

[Amended: May 18, 2007]