United States District Court, Eastern District of New York

225 Cadman Plaza East

Brooklyn, New York 11201

Attn: Honorable District Court Judge Roslynn R Mauskopf

April 30 ,2011

Re: Index #11 CV 0752

Sol Rosen, Plaintiff v. North Shore Towers Apartments Inc., Defendant

Honorable Judge Roslynn R .Mauskopf

On April 17 ,2011,Plaintiffs 45 year old bag with only Plaintiffs Court records were stolen. Since that date PLintiff hs been accumulating records given to others. The Court has expressed annoyance with Plaintiff revisiting the New York State Supreme Court 19301/10.The history of the case before the Court denied Plaintiff a preliminary injunction at a hearing dated February 17 ,2011 is critical.

.The evidence in Exhibit 4 ,filed in the New York State Supreme Court on September 7,2010.will prove that the Court was misled by deceit,trickery ,,perjury and other dishonest meansif ,compared to a reading of the transcript of the hearing on February 17 ,2011

Pg.1 Errol Brett Esq.in a fiduciary conflict of interest ,allegedly representing shareholders ,opposes shareholders claims of $35 million"missing " cash,with his fees being paid by shareholders

2. Page2 see Housing Court decision Exhibit 38 .The Housing Courtdid not "entertain" any evidence of fraud. It was outside the Corts jurisdiction of $25,000.As a matter of law ,a summary judgment ,when

there are triable issues of fact, is invalid..The order of eviction is therefore invalid..The issues of fact ijn this case is the documentary evidence of accounting in Schedule 1F, Exhibit 2, Exhibit 4 included herein,Table A and Table B and projections for the year 2011

3. Page 4,the same allegations of $35 million "missing" cash have been before the Courts since March 12 ,2010 ,beginning in the Housing Court

4 Page 8 .Robert Serikstad ,Greenthal CPA ,,,also defendant controller stated that the New York City Abatement awarded June 2010 was $2,568 ,000.,$775,000 more than reported in the Certified statement for the year 2010

5.Pge 10 ,ON July 30 ,2010 the Honorable Judge Duane A.Hart vacated ,not stayed the Housing Court orderrand called Errol Brett and advised him of that fact.See Exhibit 17

6.Pge 10 Two examples of perjury by Errol Brett Esq. ,Exhibits 36 and Exhibit 37

7.Pge 11  September 15 2011 motion hearing the same allegation of cash missing from Certified reports .,THE Court assistant asked Plaintiff if he was alleging embezzlement?

8. Page 12 ,without Budget fraud and accounting malpractice the results achieved are not possible.

Errol Brett Esq. at the February 17 2011 hearing made statement of Plaintiffs Right to Appeal the Housing order .The Plaintiff alleges his signature was forged..Plaintiff never requested a Right to Appeal .

Errol Brett Esq., withdrew his opposition to Judge Harts ruling to vacate the Housing order to make a motion that the Plaintiff had filed a for the Right to Appeal that would preclude the order of Judge Hart. Exhibit 57

The 2009 Certified report did not disclose the Housing Court litigation with allegations of $35 million missing cash.

The 2010 Certified report did not disclose th U.S.Disrict Court litigation with allegations of $35 million missing cash

13 months and counting,, never a trial, same allegations of $35 million cash missing. Hundreds of accountants available to the Defense ,none has attempted to refute plaintiffs accounting in Schedule 1F ,Exhibit 2 ,Exhibit4 ,Table A and Table B .Projections 2011.

Plaintiff reading of the transcript,, the Court was misled,, requests that the apartment be returned to Plaintiff immediately ,with damages for wrongful eviction of $2million ,dedicated to retaining Counsel and forensic accountants to recover $35 million in a shareholders derivative action in an appropriate Court ,selected by counsel

Respectfully submitted

Sol Rosen

Royal Inn Room 112

1177 Northern Blvd.

Manhasset,New York ,11030

Cellophane 1-516 -241-4307

SUPREME COURT STATE OF NEW YORK
COUNTY OF QUEENS

QUEENS COUNTY CLERK
RECEIVED
2010 SEP -7 AM 11:40

-------------------------------------------------------x

SOL ROSEN AND FLORENCE ROSEN        INDEX NO.19301/10
       Plaintiffs

                   **Plaintiffs Reply to Defendants:**
                   **Memorandum of Law**
                   **Notice of Cross Motion, and the**
                   **Disqualification of Errol Brett, Esq.**
   against                **and**
                   **Plaintiffs' affidavit in opposition to Defendants**
                   **order to show cause to vacate the order of the**
                   **Honorable Judge Duane A. Hart**

NORTH SHORE TOWERS APARTMENTS INC.
      Defendant
-------------------------------------------------------x

Sol Rosen, Plaintiff swears under penalty of perjury as to the following allegations:

*This is not a Landlord –Tenant case for back rent and an attorney collection fee,*

*but a shareholders claim of $44 million of fraudulent assessments, perhaps the largest*

in the history of New York City cooperative apartments.

**TABLE B (below) ) Projected "Cash Missing" December 31,2010 $ 31,,135,604**

Errol Brett Esq. in a fiduciary conflict of interest, represents shareholders and opposes

shareholders claims, with his fees paid by the victimized shareholders

In the Defense application to vacate the order of the Honorable Judge Duane A. Hart

who had vacated the Housing Court Judgment /Order July 30 1010.the Plaintiff made

two calls to Errol Brett offering him an adjournment to appear . before Judge Hart in

opposition on July 30,2010 .Mr.Brett stated he had no interest in appearing and that he

was moving to vacate Plaintiffs apartment with the City Marshal .

Errol Brett Perjury Exhibit 36 No.8 Emergency Affirmation date August 33,2010

"Furthermore your affiant **never received phone calls from the Plaintiffs** advising them of their application since they were reasonably certain I would appear and argue against the stay and hopefully their application would be denied"

August 13,2010, after he became aware there was a witness to the two telephone calls

Supplemental Affirmation Exhibit 37 No.7 , No.8 Defendants Exhibit C ,Perjury again

**"I did receive two phone calls from the Plaintiffs** on July 29,2010 but I thought they were in reference to the order to show cause that was filed July 28,2010 by the Plaintiffs in the Appellate Term"

Without perjury,,a trial was certain, and the massive fraud would be exposed.

**Defendants' Memorandum of Law** does not apply to Defendants' complicit officials, Charles H. Greenthal Co, Inc., their CPA Robert Serikstad, the auditors PKF, thee attorney Errol Brett Esq., nor any corporation or individuals acting fraudulently.

All participants opposing shareholders claims have acted fraudulently, not in good faith in the exercise of their good judgment and legitimate furtherance of corporate purposes. (See Section 22 Business Corporation Law, Section 3, Indemnifications)

2. **Defendant Point 1** is not applicable. Plaintiff is not seeking a preliminary injunction;. The Defense has not been enjoined and may seek any remedy **after a trial.**

The Honorable Judge Duane A Hart vacated the Housing Court Judgment based on the Complaint of budget fraud and accounting malpractice, and that the Housing Court Judge did not "entertain" any evidence of fraud because it was outside the Court's jurisdiction.

The Defense attorney seeks to quash shareholders' claims of $44 million by evicting the sole advocate of shareholder claims **without a trial of the alleged fraud.**

- 2 -

3. **Point 2** The Business Judgment rule is not applicable in view of the overwhelming evidence of fraud. Under no circumstances is the Business Judgment rule available as a defense to the accountants' auditors, complicit individuals or other corporations.

4. **Point 3** Plaintiffs claim is barred by the Statute of limitations. The four-year **ongoing** fraudulent practice is not barred by the Statute of Limitations.

5. **Point 4**. Defendants Motion to dismiss is defeated by documentary evidence. . No documentary evidence has been offered, and if any , must be presented in the trial.

6. **Point 5** Defendants' motion that Plaintiff claim for monetary damages for fraud must be dismissed. The shareholders claims to $44 million of fraudulent assessments are all covered by Defense attorney definition: "The fraud is the intentional use of deceit, trick or some dishonest means to deprive shareholders of their money."

**The Defense attorney fails on all five points in his Memorandum of Law.**

THE NOTICE OF CROSS MOTION

**(a) "The Plaintiff has failed to state a cause of action".** The cause of action is budget fraud and accounting malpractice of $44 million by Charles H. Greenthal, In , their CPA Robert Serikstad,, PKF auditors, corporate attorney Errol Brett, ,complicit individuals

**(b) A hearing to determine attorneys' fees to be determined.** Plaintiff affirms Errol Brett, Esq., will be a defendant in the shareholders derivative action .It is indisputable that in a conflict of interest, he has been opposing shareholder claims to protect all parties participating in the fraud. The victimized shareholders pay his fees

The Court must disqualify Mr. Brett as Counsel in these proceedings and reject his application for attorney fees.

## THE NOTICE OF CROSS MOTION IS NOT APPLICABLE

There has been no motion by the Plaintiff, who mistakenly used the phrase "Motion for Summary Judgment" in his papers. The Court clerk could not locate motion papers .The phrase was deleted. The Court and Defense received copies of the deletion.

## ROBERT SERIKSTAD, CORPORATE CONTROLLER SWORN AFFADAVIT

A certain defendant in a shareholders derivative action .**His hollow defense:**

No.22 "It is most difficult to respond to Plaintiffs application---it makes little sense"

   (a) With no explanation of missing multi millions of dollars in the Certified reports (

   (b)TABLE   B (below)  Dec.31,2007 "Missing Cash"   6,903,735 cumulative

   TABLE   B (below)  Dec.31,2008 "Missing Cash   13,877,554 cumulative

   TABLE   B (below) Dec.31,2009  Missing Cash   21,164,960 cumulative

TABLE   B (below)  Dec.311010 "  Missing Cash" 31,135,604  Cumulative projected

   (c)With no affirmative defense of Plaintiffs specific allegations of fraud (Exhibit 1F)

   (d)With no  defense of the annual budgets, with budget revenues reduced by

"Capital Assessment of Abatements, Investment Funds, Apartment Transfer Fees"

with Recreational Income omitted.. Result $11  million reduction in budget projected

Revenues in the years 2007,8,9, 10 projected to rationalize fraudulent assessments

   (e)Budget projections of cash surplus fore four years total approx.  $1 million

   (f)adding cash $8,162,791 Dec. 31, 2006 , projected Certified       $32,735,424,

   (g)Exhibit 1F adding omissions in Cash flows and Revenues         $44,000,000

TABLE A   detailing (e) (f) (g)

|  | Budget Greenthal surpluses (Before the year) | Surpluses Certified PKF end of year | Projected surpluses, Schedule 1F Averaged annually, with omissions added back |
|---|---|---|---|
| 2007 | not available | $5,368,557 | $11.000.000, |
| 2008 | $480,000 | $4,419,686 | $11,000,000 |
| 2009 | Zero | $6,097,595 | $11,000,000 |
| 2010 | $365,000 | $8,686,795 projected | $11,000,000 |
| Total | 845,000 | $24,572,663 | $44,000,000 |

Unanswered, after his reading of the Complaint is the correct amount of the Abatements for the years 2007, 2008, 2009 after correcting 2010 to $2,568,000 from $1,793,000

The detailed allegations of fraud are documented in the controllers Certified reports and Exhibit 1F and tables below

TABLE   B

|  | Cash Reserves Certified PKF | 2006 Cash Reserve Plus Surplus, plus average omissions | Missing Cash cumulative |
|---|---|---|---|
| 2007 | 11,227,613 | 18,131,348 | 6,903,735 |
| 2008 | 13,273,480 | 27,151,034 | 13,877,554 |
| 2009 | 16,683,669 | 37,848,629 | 21,164,960 |
| 2010 | 20,000,000Proj. | 51,135,604Projected | 31,135,604 Projected |
| Total | 20,000,000* | 51,135,604 cumulative | 31,135,604 cumulative |

TABLE   C   BUDGETS   ( ARBITRARY )

|  | Greenthal Annual Budget Meeting (Actual end of year) * Income | Greenthal to auditors weeks after Meetings as (budget unaudited) Income | Certified after audit Income |
|---|---|---|---|
| 2008 | $709,000 | $4,494,000 | $4,419,686 |
| 2009 | $2,512,000 | $3,220,000 | $6,097,595 |
| * Deceptively labeled "Operating Revenues over Expenditures" | | | |

Actual is reported to shareholders at end of year 2008 and 2009 at budget meeting

-5-

TABLE   D

|  | PKF Certified Cash Reserves | Projected Cash Reserves |
|---|---|---|
| 12/31/06 |  | $8,162,791 PKF Certified |
| 2007 | $11,237,613 | $5,368,557 PKF Certified (add surplus 2007) |
| 2008 | $13,273,480 | $4,419,686 PKF Certified (add surplus 2008) |
| 2009 |  | $6,097,595 PKF Certified (add surplus 2009) |
| 2009 | $16,683,689 | $24,048,629 PKF Certified should be 12/31/09 |
| 2010 | $20,000,000 projected | $ 8,686,795 projected income, 2010<br>18,535,,738  Average $4600 annually<br>EXHIBIT 1F |
| Projected cash  $20,000,000 12/31/10 | | $51,271,162 projected cash 12/31/10 * |

*See Exhibit 1F and e that the December 31,2006  $8,162,791  **was understated**

-6-

Revenues vs. Expenditures, 2009
Budgeted to shareholders before the year ZERO surpluse.
Certified end of year $ 6,097,095
Budgets always understate Revenues and overstate Expenditures

| Revenues | | | |
|---|---|---|---|
| | Greenthal Budget (a) | Greenthal Actual (b) | Certified PKF (c) |
| 2009 | $42,850,000 | $42,962,000 | $44,953,137 |
| Expenditures | | | |
| 2009 | $42,850,000 (a) | $40,450,000(b) | $38,855,542(c) |
| Greenthal understated budget revenues by | $2,103,137 | (c) minus (a) | |
| Greenthal overstated budget expenses by | $3,994,458 | (a) minus(c) | |
| Fraudulent budget understatement of surplus: $6,097,595 Certified PKF year 2009 | | | |

(a) Projected before the year
(b) Reported to shareholders as Actual at end of year
(c) Certified by PKF at end of year.

No.25. PKF, the auditors always deliver a "clean opinion". PKF **always** delivers a "qualified opinion "that "the budget information has not been audited" Exhibit 35

PKF disclaimer does not apply to the budget fraud: PKF was on notice from Plaintiff complaints of budget fraud beginning March 2009 and of the two subsequent Certified annual reports. PKF responded with threats of a lawsuit (Exhibit7)

PKF has no disclaimer for fraudulent cash flows statements.,with Capital assessment income omitted, credited to cash deceptively Exhibit 29

No.27. Robert Seriikstad proprietary accounting system. Exhibitt 18 The "recap tire of Abatements from shareholders" is the basis for the massive fraud. Exhibit 1F, revised Sept 2,2010-details **$33,418,450 of Greenthal created income** by omitting Capital accounting income in the Cash flow and Revenues statements

Mr. Serikstad omits that Greenthal Management, West 72 Street managed a cooperative with different accountants and methods not in violation of accounting principles has 95% less income than North Shore Towers (Exhibits 11 a and 11b).

-7-

No. 27 "Further the practice is *widely accepted and utilized* within New York City"

. *The abatements are always credited back to the shareholders* and the Board of Directors if it wants to recapture some of the credits in the form of Capital assessments".

Mr. Serikstad has not provided **any** cooperative reports utilizing the recapture of abatements from shareholders, including Greenthal West 72 Street.

<u>Abatement was awarded in June. 2010, in the amount of $2,568,600,,
budgeted as $1,793,000.</u> The Board in its discretion credited shareholders $600,000,

*The abatements are never credited back and never recaptured*

Mr.. Serikstad eliminates the Capital accounting income in both presentations:

Budget process "Excess of *Operating* Revenues over Expenditures".

Cash flows statement "Cash flows from *Operating* activities".

Capital accounting income excluded in both presentations and deceptively recorded.

### Errol Brett Esq. Culpability

1. No Judge in the New York State Supreme Court will grant Mr. Brett's motion to evict the Plaintiff **without a trial of the massive fraud** alleged in the Complaint. The Housing Court acknowledged that the fraud was not in their jurisdiction and was not "entertained"

2. Feb. 2009, Plaintiff discovered evidence of accounting malpractice, and budget fraud.

3. Plaintiff mailed hundreds of letters to corporation officials with never a response except threats of lawsuits Plaintiffs (Exhibits 5 and 6 from Errol Brett, Esq.)

4. The presentation at the 2010 budget meeting in December 2009 provided the same evidence of budget fraud and accounting malpractice.

-8-

5 Feb.2010, Plaintiff informed Errol Brett that his maintenance payments would be withheld as a protest unless Plaintiff could speak directly to the corporation officials.. Mr. Brett rejected the demand threatening to sue Plaintiff for frivolous litigation. .

6. In March 2010, Mr. Brett commenced an action in the Civil Court, Housing Part for three months' maintenance and his attorney's fee of $5000. Plaintiff entered a counterclaim of $35,000 based on overwhelming evidence that the fraudulent assessments at that time exceeded $35 million.

7. Mr. Brett deceptively succeeded in eliminating all trial procedures, and no evidence of the fraud was "entertained" by the Court. Mr. Brett presented the sworn affidavit of Robert Serikstad, corporate controller and employee of Charles H.Greenthal Management Company. Exhibit 18 describes a proprietary accounting system of "the recapture of Abatements from shareholders", which is the basis of massive accounting and budget fraud. Plaintiff found evidence that Charles H, Greenthal at another managed cooperative on West 72 Street, with different accountants, different auditors, with different accounting methods that do not violate accounting principles, earns 95 % less. than North Shore Towers Apartments "recapture of abatements from shareholders".

8. Honorable Judge Anne Katz reserved decision for 10 weeks, presumably to provide time for Plaintiff to move the matter to the N.Y. State Supreme Court in a shareholder derivative action. Plaintiff could not retain an attorney without a retainer of $75,000.

9.On July 19,2010 the Housing Court awarded a Judgment /order with a warrant of eviction with a five day stay, received by the Plaintiff on July 26. <u>Mr. Brett had leveraged a judgment *without the evidence of fraud considered* intended to quash the shareholders derivative action of $44 million and to deny Plaintiff of funds necessary to retain counsel</u>

10. On July 26, 2010 Mr. Brett served eviction papers and filed Notice of Entry of the Housing Court Judgment on July 28, 2010.

11. On July 28, 2010 Plaintiff purchased the Index No.19301/10 and filed a Notice of Appeal with the Appellate Court Special Term. The Appeal was refused since there was neither evidence of a trial nor evidence of the fraud. The index number was purchased to give Plaintiff standing to prepare an Emergency application to avoid imminent eviction.

12. Plaintiff called Mr. Brett twice to offer him an opportunity to oppose the Emergency Application. Mr. Brett called back, replying that he had no interest in appearing and would proceed with the eviction with the City Marshall. He had filed the Notice of Entry of Housing Judgment on July 28,2010

13. On July 30,2010, Honorable Judge Duane A. Hart vacated the Housing Court Judgment /order,, left the bench and called Mr. Brett to advise him that the order to vacate the Housing Court order had been signed and not to proceed with eviction.

14. On Aug. 2, Mr. Brett Emergency affirmation that he had not received notice of the hearing Exhibit 36 No.8 **"Furthermore your affiant never received phone calls from the Plaintiffs advising of the application since they were reasonably certain I would argue against the stay and hopefully their application would be denied"**

15. August 13 2010 **under penalty perjury**, in his SupplemelAffirmatiion after becoming aware there was a witness to the phone calls Exhibit 37 No. 7 and 8 and Exhibit C **"...never received a phone call from the Plaintiffs advising them of their application.. Anybody would assume it was in reference to the Appellate Term Proceeding. "**

— 10 —

Mr. Brett's perjury that he misunderstood Plaintiffs' calls was his last hope to quash the $44 million derivative action **without a trial reviewing evidence of the massive fraud.** The Honorable Judge Duane A. Hart vacated the Housing Court order, which grants a fair trial to all parties without the harassment of eviction proceedings and denial of funds to proceed with the shareholders derivative action for $44 million.

A description of the cruise of the Titanic without the iceberg is as invalid as the Housing Court Judgment//Order without the overwhelming evidence of fraud
The Honorable Judge Anne Katz, Housing Court    Exhibit 38

### THREE CLASSES OF VICTIMS OF UNCONSCIONABLE MAINTENANCE

1. Current shareholders are paying $33,333 daily into the fraudulent cash surplus of $1 million monthly and a loss of apartment values exceeding $100 million.

2. Shareholders are forced to sell at huge discounts averaging $600,000 per month without any credit for their paid in share of the fraudulent cash surplus

3. In the past two years,, hundreds of shareholders have already sold with no credit for their share of the fraudulent cash surplus. .To recover the missing cash is the sole iissue

PKF Certified reports for years 2007,8,9 and 2010 projected, when added to the cash balance Dec. 31, 2006, totals $44 million with fraudulent omissions added back. The Court's legal assistant at the August 25 hearing asked if Plaintiff was alleging embezzlement. Alleged is that money is "missing" in the Certified reports. She asked why corporate officials did not answer hundreds of letters of complaints alleging fraud. The question not asked was "Why would licensed attorneys and a CPA join in the Courts to quash shareholders claims of $44 million, a breach their fiduciary responsibility, with their fees paid by the victimized shareholders?"

-11-

The demand that an independent forensic accountant tot audit the books to determine the status of the cash surplus and possible wrongdoers has been repeatedly rejected

## CONCLUSION

The fox is in charge of the chicken coop. After 20 months of complaints and 7 months in the Courts, shareholders are still suffering the unconscionable financial burden of their attorneys' delaying tactics. Mr. Brett argues that a trial to examine the evidence of fraud was eliminated in the Housing Court, and that should be binding on the Supreme Court. The fraud continues with more than $1,500,000 monthly paid in to the fraudulent cash surplus or lost in the forced sales of apartments at huge discounts. The $44 million paid in an ongoing scheme must be refunded to the, shareholders

The shareholders seek the status of unaccounted cash surplus, grown exponentially in the past four years from $8 million on Dec 31, 2006 to $52 million projected Dec 31, 2010. *Without budget fraud and accounting malpractice such results are not possible.*

*Without a trial ,the fraud continues without limitation*

−/2−

**Wherefore, it** is requested that

1. Defense attorney Memorandum of Law is rejected
2. Defense attorney Notice of Cross Motion is rejected
3. Defense attorney Errol Brett Esq. is disqualified as Counsel in these proceedings
4. Defense application to vacate the order of the Honorable Judge Duane A. Hart is denied.
5. The Defendant corporation shall pay $75,000 to Plaintiff from the shareholders corporation cash surplus to commence shareholders derivative action for $44 million.
6. The accounting firm, auditing firm and complicit individuals and corporations to be named by the Plaintiff, shall be joined as Defendants.
7. Defendants' shareholders corporation will immediately retain and pay Price Waterhouse or equally prestigious and impartial firm named by the Plaintiff to audit the shareholders corporation cash surpluses to determine the status of "missing monies" and identify the wrongdoers.

For such other and further relief that the Court deems just and equitable.

Dated   September 6,,2010

By Plaintiff

Sol Rosen
26910 Grand Central Parkway Apt.11W
Floral Park,NY 11005-1011
(718) 279-4217

To: Law Offices of Errol Brett ,Esq.
26910 Grand Central Parkway
Floral Park, NY11005-1011
(7128) 631-7733

Sworn to by:

SWORN TO (OR AFFIRMED) BEFORE ME ON
9/7/2010
STATE OF NY
COUNTY OF Queens

SYLVIA SCAGLIONE
Notary Public, State of New York
No. 04SC6214304
Qualified in Queens County
Commission Expires December 7 20 13

—14—

EXHIBIT 5?

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE TERM SECOND DERPARTMENT
141 LIVINGSTON ST. 15 TH FLOOR
BROOKLYN NEW YORK 11201
Attn Clerk of the Court

October 27, 2010
Re Notice to Perfect appeal
  **Appellant never signed**
To the Clerk of the Court

**SECOND REQUEST**
**November 4,2010**

Sol Rosen, Plaintiff in Supreme Court of the State of New York Queens County Index.19301/10 swears under penalty of perjury as to the following allegations:

1. Plaintiff received the enclosed Notice to Perfect Appeal on October 9, 2010

2. Plaintiff believed it was another trick by Errol Brett Esq. attorney for the Defendant. to delay the trial, which has been before the Court since July 28, 2010,

3.. Plaintiff on October 9, 2010 submitted a recounting of the events subsequent to the refusal on July 29, 2010 by the Appellate Term of Housing Court Judgment /Order Index No.57503/10,Appellate Term Docket No.2010-02581 Q C

4.. Your office returned the papers to Plaintiff because of procedural errors

5.. Plaintiff wrote your office on Oct.20, 2010 that the Notice to Perfect an Appeal must be requested in writing .Plaintiff requested copies of the requests.

*6.Plaintiff did not request the right to Perfect the Appeal*

*7.Plaintiff rejects the right to Perfect the Appeal*

*8..All requests for the right to Perfect an Appeal with Plaintiffs signature are forgeries*

9.OnOctober 25, 2010, Plaintiff received another set of instructions on the right t to Perfect an Appeal, *which Plaintiff did not request..The October 25, 2010 instructions indicates a second request, also forged if , it shows Plaintiffs alleged signature*

Wherefore, it is requested that *all copies of requests* for the right to Perfect an Appeal be forwarded immediately to:

New York State Supreme Court, Queens County
88-11 Sutphin Blvd
Jamaica New York, 11435
Attn: Honorable Judge Alan B. Weiss

And copies to Sol Rosen

Dated, Queens County ,New York
October 27, 2010

                                             Respectfully submitted

                                             Sol Rosen
                                        26910 Grand Central Parkway Apt.11W
                                          Floral Park ,New York 11005—1011
                                               718-279-4217

Sworn to by