UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SOL ROSEN and FLORENCE ROSEN,

        Plaintiffs,

  - against -

NORTH SHORE TOWERS APARTMENTS,
INC.,

        Defendant.
-------------------------------------------------------------X

**ORDER**
11-CV-00752 (RRM) (LB)

**MAUSKOPF, United States District Judge.**

On May 12, 2011, the Court received a letter from Plaintiff Sol Rosen, dated May 5, 2011, which has been placed on the electronic docket as Document No. 36. In it, Plaintiff "requests that the Court dismiss the Motion to Dismiss of Sayfarth Shaw LLP (sic) [Attorneys for Defendant] and not require Plaintiff to answer," and further claims that the firm cannot represent Defendant. Plaintiff also seeks to regain the rights to his apartment at North Shore Towers with damages for wrongful eviction, and asserts, as he has in other filings before this Court, various rambling and unsupported allegations regarding an alleged $35 million fraud allegedly perpetrated against shareholders of Defendant North Shore Towers Apartments, Inc.[1]

Plaintiff's requests are largely incoherent, frivolous, and, in any event, wholly unsupported by law or fact. To the extent that Plaintiff seeks the return of his apartment and damages for wrongful eviction, those issues form the basis of Plaintiff's Complaint and will be determined as appropriate during the course of this litigation. As such, all of Plaintiff's requests are DENIED.

---

[1] Those allegations, together with various requests for relief, can also be found in filings at Doc. Nos. 22, 23, 24, 25, 26, 32, 33 and 34. With respect to those filings, the Court DENIES all relief requested for the same reasons set forth herein.

In addition, by Order of April 21, 2011 (Doc. No. 27), this Court established a briefing schedule on Defendant's Motion to Dismiss, which required service as follows:

> Defendant's motion papers by May 2, 2011;
>
> Each Plaintiffs' opposition by May 20, 2011; and
>
> Defendant's reply, by May 30, 2011, together with the electronic filing of the fully-briefed motion.[2]

**It is hereby ORDERED that said briefing schedule will remain in full force and effect, and <u>no extensions will be granted absent extraordinary circumstances</u>.**

The Clerk of Court is directed to send a copy of this Order to both Sol Rosen and Florence Rosen by overnight mail, and note such mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      May 13, 2011            /s/ *Roslynn R. Mauskopf*

---

[2] An earlier briefing schedule was suspended, and the motion held in abeyance, due to Mr. Rosen's hospitalization.