UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SOL ROSEN and FLORENCE ROSEN,

            Plaintiffs,                     **MEMORANDUM AND ORDER**
                                                  11-CV-00752 (RRM) (LB)
    - against -

NORTH SHORE TOWERS APARTMENTS,
INC.,

            Defendant.
------------------------------------------------------------X

**ROSLYNN R. MAUSKOPF, United States District Judge.**

      Plaintiffs, husband and wife, both appearing *pro se*,[1] bring this action to recover possession of a cooperative apartment appurtenant to shares of defendant North Shore Towers Apartments, Inc., from which they were evicted pursuant to an order of Queens County Housing Court Judge Anne Katz. (Am. Compl. (Doc. No. 6) at ¶¶ 3, 5; Decl. of Jerry A. Montag in Supp. of Mot. to Dismiss ("Montag Decl."), Ex. E (Doc. No. 43-2) at 2 (Decision and Order of Housing Court Judge Katz).) Presently before the Court is defendant's motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) of the Federal Rules of Civil Procedure. (Mot. to Dismiss (Doc. No. 43) at 1–2.) For the reasons set forth below, defendant's motion is GRANTED.

## BACKGROUND

      On February 15, 2011, plaintiffs filed this action together with an affidavit in support of an Order to Show Cause for temporary and preliminary injunctive relief, seeking an order compelling defendant to restore plaintiffs to possession of the apartment. (Compl. (Doc. No. 1)

---
[1] Plaintiff did not file this action *in forma pauperis*, and, therefore, the *sua sponte* screening procedures of 28 U.S.C. § 1915 do not apply.

at ¶¶ 4–5; Aff. in Supp (Doc. 1-2) at 1–2). The following day, plaintiffs filed an amended complaint, expanding on the circumstances of their eviction. (Am. Compl. at ¶¶ 3–5.)

On February 17, 2011, the Court held a lengthy hearing on plaintiffs' request for injunctive relief. (*See* Minute Entry dated Feb. 17, 2011 (Doc. No. 5).) Present at the hearing were both plaintiffs, and then-counsel for defendant, Errol Brett, an attorney with North Shore Towers who represented defendant in prior state court proceedings against plaintiffs. The parties, at times contentiously, revealed a protracted history relating to plaintiffs' non-payment of maintenance and other charges, which culminated in plaintiffs' eviction and the forced sale of plaintiffs' apartment pursuant to order of both the Queens County Housing Court and the Queens County Supreme Court. In addition, plaintiff Sol Rosen presented a rambling, unfocused allegation that defendant's directors, officers and accountants had defrauded defendant and its shareholders of $44,000,000 through the levying of fraudulent capital assessments, and the fraudulent valuation of revenue, expenses and surplus. (*See, e.g.*, Minute Entry dated Feb. 17, 2011, Pls.' Ex. 4 (Doc 5-10), at 1–3[2].) These allegations, not included in the original or amended complaints, comprise much of plaintiff Sol Rosen's opposition to the instant Motion to Dismiss, and which are, themselves, confused discursions, comprised of printouts, photocopies, diagrams, documents from other litigation, and other miscellany, many accompanied by scrawled handwritten notes and annotations. (*See, e.g.*, Notice to the Court (Doc. No. 10) at 4–6, 16–20, 27–28; Letter dated Mar. 25, 2011 from Sol Rosen (Doc. No. 21) at 8–14).

The Court denied plaintiffs' request for injunctive relief, finding that questions surrounding this Court's subject matter jurisdiction rendered success on the merits unlikely. (*See*

---

[2] Reference to pages of Plaintiffs' submissions use the page numbers assigned by the Court's Electronic Case Filing system.

Minute Entry dated Feb. 17, 2011; Mem. and Order dated March 7, 2011 (Doc. No. 16) (denying, *inter alia*, Plaintiffs' Mot. for Recons.).)

Plaintiffs' eviction followed a July 2010 non-payment proceeding in Queens County Housing Court, in which Judge Ann Katz granted Defendant's motion for summary judgment, awarding defendant possession and an order of eviction, as well as a money judgment for back rent. (Montag Decl., Ex. E at 2.)

Shortly after Judge Katz issued that decision, on July 30, 2010, plaintiffs commenced an action in New York Supreme Court for Queens County, seeking an order temporarily and preliminarily enjoining the eviction, as well as damages for the same fraud and accounting claims raised at the preliminary injunction hearing in this Court. *Rosen v. N. Shore Towers Apartments, Inc.*, No. 19301-2010, slip op. 2 (Sup. Ct. Queens Cnty. Sept. 15, 2010). That court granted the temporary injunction restraining execution of the warrant of eviction pending the disposition of plaintiffs' allegations of fraud. *Id.* In January 2011, Supreme Court Judge Alan Weiss dismissed the complaint, finding that plaintiffs had failed to state a claim for fraud, and vacated the temporary injunctive relief. *Id.* at 4–6. On February 14, 2011, City Marshal George Essock executed the warrant of eviction. (*See* Montag Decl., Ex. I (Doc. No. 43-11) (warrant of eviction).)

Pursuant to an amended briefing schedule established by this Court's Order dated May 13, 2011 (Doc. No. 37), defendant submitted the instant motion to dismiss on May 27, 2011. On May 31, 2011, plaintiff Sol Rosen submitted several untimely responses to defendant's motion. (Pl.'s Opp'n to Defs.' Mot. to Dismiss (Doc. No. 45) ("Pl.'s Opp'n I"); Pl.'s Opp'n to Defs.' Mot. to Dismiss (Doc. No. 47) ("Pl.'s Opp'n II"); Pl.'s Opp'n to Defs.' Mot. to Dismiss (Doc. No. 48) ("Pl.'s Opp'n III"); Pl.'s Reply to Defs.' Mot. to Dismiss (Doc. No. 50) ("Pl.'s Reply").)

In light of plaintiff's *pro se* status, the Court accepts plaintiff Sol Rosen's untimely opposition papers, and has considered them in deciding the instant motion as though they were timely. Plaintiff Florence Rosen does not oppose defendant's motion to dismiss. (Decl. of Florence Rosen (Doc. No. 42) at 1). For the reasons below, defendant's motion is GRANTED and plaintiffs' amended complaint is dismissed in its entirety.

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)); *see also Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003) ("Failure of subject matter jurisdiction, of course, is not waivable and may be raised at any time by a party or by the court *sua sponte*.") In considering a motion to dismiss for lack of subject matter jurisdiction, a district court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). This Court, however, "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* (citations omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Furthermore, when considering a motion to dismiss a *pro se* complaint, the Court must interpret the complaint liberally to raise the strongest claims that the allegations suggest. *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (noting that courts should hold *pro se* pleadings "to less stringent standards than

formal pleadings drafted by lawyers" (internal quotation marks omitted)). However, mere "conclusions of law or unwarranted deductions" need not be accepted. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (quoting 2A Moore & Lucas, Moore's Federal Practice ¶ 12.08, at 2266–69 (2d ed. 1984)).

## DISCUSSION

The rambling, largely incoherent amended complaint, read together with plaintiffs' equally confusing subsequent submissions, seeks, in essence, an order vacating both the Housing Court's judgment of eviction and the Supreme Court's dismissal of plaintiffs' complaint on the grounds that the state court decisions were wrongly decided. (*See, e.g.*, Am. Compl at ¶¶ 3–5; Notice to the Court (Doc. No. 10) at 1–3.) Although not stated in the pleadings, plaintiffs also attempt to raise the haphazard claims of fraud and accounting malpractice mentioned above, through submissions fraught with recycled state court documents, scribbled rants, Internet postings, jumbled calculations, and demands that the Court appoint lawyers and accountants to investigate and recover $44,000,000 which is alleged to have been taken from the coffers of North Shore Towers. ((*See, e.g.*, Notice to the Court at 4–6, 16–20, 27–28; Letter dated March 25, 2011 from Sol Rosen (Doc. No. 21) at 8–14; Letter dated March 29, 2011 from Sol Rosen (Doc. No. 24) at 2; Letter dated April 5, 2011 from Sol Rosen (Doc. No. 23) at 3–10; *see generally* Pl.'s Opp'n I–III; Pl.'s Reply; Letters from Sol Rosen dated April 13, 2011 (Doc. No. 25), April 16, 2011 (Doc. No. 26), April 26, 2011 (Doc. No. 32), April 29, 2011 (Doc. No. 33), April 30, 2011 (Doc. No. 34), May 5, 2011 (Doc. No. 36), May 16, 2011 (Doc. No. 41)). Defendants move to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

**I.     *Rooker-Feldman***

The *Rooker-Feldman* doctrine provides that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005); *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Gyadu v. Unemployment Compensation*, 173 F.3d 844 (unpublished table decision), No. 98-7594, 1999 WL 132179, at *1 (2d Cir. Mar. 9, 1999) (" '[L]ower federal courts possess no power whatever to sit in direct review of state court decisions.' " (quoting *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970))). The *Rooker-Feldman* doctrine operates to bar subject matter jurisdiction in " 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' " *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The Second Circuit has set forth four requirements necessary for *Rooker-Feldman* to apply to bar an action: 1) the federal-court plaintiff must have lost in state court; 2) the plaintiff must be complaining of injuries caused by a state-court judgment; 3) the plaintiff must be inviting district court review and rejection of that judgment; and 4) the state-court judgment must have been rendered before the district court proceedings commenced. *Hoblock*, 422 F.3d at 85.

Here, the gravamen of plaintiffs' claims is that the Housing Court judgment of eviction, and subsequent Supreme Court order, were wrongly decided, and that the plaintiffs should, therefore, be returned to possession. All four *Hoblock* requirements are met here. First, plaintiffs lost in state court when the Housing Court judgment awarded possession to defendants, and the Supreme Court dismissed plaintiffs' complaint. *See Rosen*, No. 19301-2010, slip op. 2–

3, 5–6 (Sup. Ct. Queens Cnty. Sept. 15, 2010); Montag Decl., Ex. E, at 2). Second, plaintiffs' principal injury – dispossession from their home – was caused by the Housing Court judgment because, but for the judgment, plaintiffs would remain in possession of their home. Third, plaintiffs seek "review and rejection" of the judgment because a judgment in plaintiffs' favor necessarily would require the district court to "determine that a state-court judgment was erroneously entered or was void" or "fraudulently procured." *See Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002). Fourth, the Housing Court judgment and Supreme Court order were issued before this action was commenced.

The Court notes that plaintiffs' claims are indistinguishable from others brought by state-court losers seeking vacatur of Housing Court judgments of eviction, which courts in this Circuit routinely dismiss for lack of subject matter jurisdiction under *Rooker-Feldman*. *See Torres v. City of N.Y.*, No. 09-CV-1894 (KAM), 2009 WL 1346396, at *2 (E.D.N.Y. May 13, 2009) (district court lacks jurisdiction to vacate "the orders of the state courts regarding [plaintiff's] upcoming eviction from her home"); *Trang v. Concris Realty Co.*, No. 05-CV-5441 (RJD)(LB), 2005 WL 1398004, at *2 (E.D.N.Y. June 14, 2005) (federal court lacks jurisdiction over eviction proceedings); *McAllan v. Malatzky*, No. 97-CV-8291 (JGK), 1998 WL 24369, at *2-3 (S.D.N.Y. Jan. 22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing matter as a violation of his constitutional rights), *aff'd*, 173 F.3d 845 (2d Cir. 1999); *see also Ashby v. Polinsky*, No. 06-CV-6778 (DLI), 2007 WL 608268, at *1 (E.D.N.Y. Feb. 22, 2007) ("[C]ourts in this Circuit . . . consistently [hold] that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine.") (internal quotation marks omitted), *aff'd*, 328 F. App'x 20 (2d Cir. 2009); *Swiatkowski v. Citibank*, No. 10-CV-114 (JFB), 2010 WL 3951212, at *11 (E.D.N.Y. Oct. 7, 2010).

Moreover, even giving plaintiffs the benefit of the doubt as *pro se* litigants, plaintiffs wholly fail to present in the amended complaint an independent federal question or other basis for invoking the jurisdiction of this Court. Although plaintiffs have couched their amended complaint, in part, in terms of "various civil and constitutional rights violations, [it] essentially amounts to an [appeal of] the disposition of the [Housing Court] action." *Swiatkowski*, 2010 WL 3951212, at *11 (quoting *Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005)). For all of these reasons, the Court lacks subject matter jurisdiction over plaintiffs' amended complaint under the *Rooker-Feldman* doctrine.

## II. Leave to amend

To the extent that plaintiffs seek to amend their complaint through the hundreds of pages of disjointed and confused submissions, such leave is similarly DENIED. The standard governing leave to amend, flexible to begin with, is further liberalized for *pro se* plaintiffs. *See* Fed R. Civ. P. 15(a)(2); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Even under this broad standard, however, the Court maintains its discretion to deny leave to amend "in instances of futility." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, plaintiffs' claims were presented to the Supreme Court and dismissed. Again, having lost in state court, plaintiffs' attempt to accomplish in this Court what they failed to do in state court, and have failed to establish any independent federal question. As with plaintiffs attempts to re-litigate their eviction, these claims fail as a matter of law for lack of subject matter jurisdiction, and repleading would thus be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's claims] is substantive; better pleading will not cure it. . Such a futile request to replead should be denied.").

Moreover, having taken great pains to review these submissions in their entirety, the Court concludes that, even if the claims were not barred under the *Rooker-Feldman* doctrine, a complaint amended to include plaintiffs' muddled fraud and malpractice claims would not survive a motion to dismiss for failure to state a claim under the *Twombly* and *Iqbal* plausibility standard for federal pleading, let alone the heightened standard applicable to fraud pleadings under Federal Rule of Civil Procedure 9(b). *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (dismissal appropriate where "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curiam) (dismissal appropriate where complaint is a "labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *Iwachiw v. N.Y.C. Bd. of Elections*, 273 F. Supp. 2d 224, 227 (E.D.N.Y. 2003) (dismissing complaint as "hopelessly unintelligible"). And even in those few snippets where intelligible, plaintiffs' claims are conclusory and wholly unsupported by factual allegations. Indeed, plaintiff Sol Rosen implicitly concedes this point through his multiple requests that this Court aid him in his "investigation" to gather evidence of his alleged fraud . *See, e.g.*, Letter dated April 29, 2011 (requesting that the Court order the appointment of accountants and law firms to investigate and recover losses occasioned by the alleged fraud).

## CONCLUSION

For the above reasons, defendant's motion to dismiss is GRANTED and plaintiffs' complaint is DISMISSED in its entirety for lack of subject matter jurisdiction. Leave to amend is DENIED as futile. The Clerk of Court is directed to enter Judgment accordingly and to close the case. The Clerk is further directed to transmit a copy of this Order to both plaintiffs *pro se* via U.S. Mail at the addresses listed on the docket for each plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
       June 27, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge